UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Rodolfo RODRIGUEZ RODRIGUEZ ("N.A."),[1] Petitioner, v. Christopher J. LAROSE, et al., Respondents. | Case No.: 25-cv-3306-AGS-AHG  **ORDER REQUIRING RESPONSE** |

Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241 challenging his immigration detention. At this stage, he need only make out a claim that is sufficiently cognizable to warrant a response. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id.*, Rule 1(b) (permitting use of those Rules to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id*.

Petitioner is "a 26-year-old citizen and national of Venezuela" who "fled his home country" after facing "political persecution." (ECF 1, at 8.) Petitioner "entered" the United States "on or about March 11, 2024, through the CBP One application process." (*Id*.) "On or about February 11, 2025," petitioner filed an application for asylum and/or withholding of removal. (*Id*.) On "August 9, 2025," over one year after arriving in the United States, petitioner "was detained by Immigration and Customs Enforcement." (*Id*.

---

[1] Petitioner suggests that he will move for leave to file pseudonymously (using "N.A."), but has yet to do so.

1

at 2.) The petition does not specify why petitioner was detained. But it later states that "the dismissal of his proceedings [placed] him in expedited removal" proceedings, which suggests that petitioner was re-classified, allegedly without "due process," from 8 U.S.C. § 1226(a)'s discretionary detention framework to § 1225(b)'s mandatory detention procedures. (*See id*. at 9.)

This challenge has sufficient potential merit to warrant a response. Functionally identical cases across the country have been found to have a "likelihood of success on the merits" or have resulted in the writ being issued. *See, e.g.*, *Mosqueda v. Noem*, No. 5:25-cv-02304-CAS-BFM, 2025 WL 2591530, at *5 (C.D. Cal. Sept. 8, 2025) ("[T]he Court concludes that petitioners are likely to succeed on the merits of their claims because section 1226(a), not section 1225(b)(2), likely governs their detention."); *Vazquez v. Feeley*, No. 2:25-cv-01542-RFB-EJY, 2025 WL 2676082, at *11 (D. Nev. Sept. 17, 2025) (same); *see also Rodriguez v. Bostock*, No. 3:25-cv-05240-TMC, 2025 WL 2782499, at *1 (W.D. Wash. Sept. 30, 2025) ("Every district court to address this question has concluded that the government's position belies the statutory text of the INA, canons of statutory interpretation, legislative history, and longstanding agency practice."); *Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799, at *6 (E.D. Va. Sept. 29, 2025) ("Petitioner's detention is governed by § 1226(a)'s discretionary framework, not § 1225(b)'s mandatory detention procedures, as at least thirty federal district courts around the country, including two in this Circuit, have concluded when faced with habeas petitions from comparably situated petitioners.").

By **December 16, 2025**, respondent must answer the petition. Any reply by petitioner must be filed by **December 23, 2025**. The Court will hold oral arguments on the petition on **January 7, 2026, at 2:00 p.m.**

Dated:  November 28, 2025

_____
Hon. Andrew G. Schopler
United States District Judge